UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INNOVATIVE HEALING
SYSTEMS, LLC,

      Plaintiff,

v.                                                                  Case No. 8:25-cv-00048-WFJ-AEP

MIZELL MEMORIAL
HOSPITAL, INC.

      Defendant.

_____/

## ORDER

Before the Court is Defendant Mizell Memorial Hospital, Inc.'s (the "Hospital") motion for extension of the automatic stay of proceedings to enforce a judgment and to waive the bond requirement pursuant to Federal Rule of Civil Procedure 62. Dkt. 70. Plaintiff Innovative Healing Systems, LLC ("Innovative") has responded in opposition. Dkt. 75. Upon careful consideration, the Court grants in part the Hospital's motion.

## BACKGROUND

On December 12, 2024, Innovative filed an action against the Hospital in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Dkt. 1-1. In its Complaint, Innovative asserts a breach of contract claim (Count I) and, in the alternative, an unjust enrichment claim (Count II) against the

Hospital. *Id.* The Hospital removed the action to this Court pursuant to 28 U.S.C. § 1332 on January 9, 2025. Dkt. 1. On March 5, 2026, the Court granted Innovative's motion for summary judgment on its breach of contract claim. Dkt. 60. The Clerk subsequently entered final judgment in Innovative's favor in the amount of $900,000.00. Dkt. 61.

## DISCUSSION

"A party must ordinarily move first in the district court for . . . (A) a stay of the judgment or order of a district court pending appeal; [and] (B) approval of a bond or other security provided to obtain a stay of judgment." Fed. R. App. P. 8(a)(1)(A)–(B). Similarly, the Federal Rules of Civil Procedure provide the following:

> (a) Automatic Stay. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.
>
> (b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(a)–(b).

"A bond requirement may be waived in a court's discretion." *United States v. Certain Real & Pers. Prop. Belonging to Hayes*, 943 F.2d 1292, 1296 (11th Cir. 1991). In the Middle District of Florida, courts rely on a test articulated by the Seventh Circuit when assessing whether waiver of bond is appropriate. *See e.g.,*

2

*Zonja v. Blake*, No. 8:21-CV-2128-VMC-MRM, 2023 WL 3158638, at *2 (M.D. Fla. Apr. 28, 2023) (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1998)). This test requires courts to consider five factors: (1) "the complexity of the collection process;" (2) "the amount of time required to obtain a judgment after it is affirmed on appeal;" (3) "the degree of confidence that the district court has in the availability of funds to pay the judgment;" (4) "whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money;'" and (5) "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon*, 866 F.2d at 904–905 (quoting *Olympia Equipment v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). "In short, in exercising the discretion to waive the supersedeas bond requirement, courts evaluate whether the moving party is 'financially solvent and capable of paying the judgments against them as well as any post-judgment interest, such that the requirement of a bond is unnecessary and a waste of money.'" *Zonja*, 2023 WL 3158638, at *2 (quoting *Havana Docks Corp. v. Carnival Corp.*, No. 19-CV-21724, 2023 WL 2497884, at *2 (S.D. Fla. Mar. 14, 2023)).

While the Eleventh Circuit has not directly affirmed or adopted the use of this test, in *Campbell v. Rainbow City*, the appeals court cited the Seventh Circuit's opinion in *Dillon* and appeared to take the factors into account when assessing a

3

bond waiver. 209 F. App'x 873, 876 (11th Cir. 2006) (noting defendant "is a municipality with ample assets, insurance, and little likelihood of defaulting on the judgment" when concluding that "the court likely would have waived the bond requirement if it had been asked."); *see also Clayton v. Essentia Ins. Co.*, No. 2:23-CV-441-KFP, 2024 WL 5338663, at *1 (M.D. Ala. Dec. 13, 2024).

In this case, the Hospital's motion primarily focuses on the fifth factor, arguing that it should be excused from the requirement to post a bond because doing so would endanger other creditors. Dkt. 70 at 4. More specifically, "[the Hospital]'s primary creditor is the City of Opp, Alabama, which has provided a line of credit to [the Hospital]. That credit line has been mostly exhausted, constituting primarily debt for [the Hospital]. [The Hospital]'s line of credit with a local bank is completely exhausted. [The Hospital]'s hospital campus is encumbered by hospital bonds. Therefore, that property cannot be used as security." *Id.* at 2 (citations omitted). The Hospital also avers that "Innovative's enforcement of the judgment . . . would likely require [the Hospital] to employ all available insolvency actions and remedies, including, without limitation, the commencement of bankruptcy proceedings. Such a bankruptcy would endanger other creditors, particularly the City of Opp." *Id.* at 4–5 (citation omitted). On the other hand, Innovative argues the Hospital's financial hardship does not justify a waiver of the supersedeas bond, as Defendant's inability

4

to pay the underlying judgment is not an adequate excuse to avoid Rule 62(b)'s bond requirement. Dkt. 75 at 4.

Here, the Court partially agrees with Innovative and denies the Hospital's request for an unsecured stay. Several district courts in this circuit have already noted that financial hardship or an inability to pay the judgment award against them is "not enough to justify staying the award of costs without a supersedeas bond." *Lopez v. Zoll Servs., LLC*, No. 1:21-22433, 2024 WL 3460048, at *2 (S.D. Fla. June 28, 2024), *report and recommendation adopted*, No. 21-22433-CIV, 2024 WL 3456431 (S.D. Fla. July 17, 2024); *see also Zonja*, 2023 WL 3158638, at *2 (collecting cases and noting "[the plaintiff] does not present any authority to support the proposition that financial hardship is a factor courts should consider in determining whether to waive the supersedeas bond requirement.").

More fundamentally, the Hospital's self-asserted precarious financial situation means that Innovative's interest in collecting the judgment is not protected, precisely the purpose of requiring a bond under Rule 62(b). *See United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1324 (M.D. Fla. 2011) ("The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectable judgment and compensates him for delay in the entry of final judgment." (citation omitted)). While the Court is sympathetic to the financial hardships faced by Defendant as a rural

hospital providing critical care to an underserved community,[1] the Hospital's "professed inability to pay the amount awarded to [Innovative] is a reason *not* to grant a stay without requiring a bond." *Lopez*, 2024 WL 3460048, at *2; *see also Avirgan v. Hull*, 125 F.R.D. 185, 187 (S.D. Fla. 1989) ("[A] prospective inability to pay a judgment must defeat the request for a stay without a bond. The court can only dispense with the requirement for a bond after the judgment debtor has objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process." (citation modified)).

Nevertheless, the Court does grant the Hospital's request to extend the automatic stay of proceedings to enforce the Judgment for another fourteen days, pending a proposed security arrangement that will preserve its current ability to satisfy the Judgment. Specifically, the Court **ORDERS** the Hospital to "present[] to the [C]ourt a financially secure plan for maintaining that same degree of solvency during the period of an appeal . . . [or] other arrangement for substitute security through an appropriate restraint on the [Hospital]'s financial dealings, which would furnish equal protection to [Innovative]." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).[2]

---

[1] *See* Dkt. 70-1 at 6 (discussing the closure of rural hospitals in the United States).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

6

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant Mizell Memorial Hospital's motion for extension of the automatic stay of proceedings to enforce a judgment and to waive the bond requirement, Dkt. 70, is **GRANTED in part.**

    a. Rule 62(a)'s automatic stay in this case is **EXTENDED** for another **FOURTEEN (14)** days from the date of this Order.

    b. Defendant's request for an unsecured stay is **DENIED.**

2. The Hospital is **ORDERED** to file a financially secure plan for maintaining the same degree of solvency during the period of an appeal or other arrangement for substitute security on the docket within **FOURTEEN (14)** days from the date of this Order.

**DONE AND ORDERED** in Tampa, Florida, on April 15, 2026.

_/s/ William F. Jung_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

7